JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04082-RGK-SK | Date | July 9, 2024 |
|---|---|---|---|
| Title | *GENOVEVA GARCIA v. NISSAN NORTH AMERICA, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**         **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 12]**

## I.      INTRODUCTION

On May 18, 2023, Plaintiff Genoveva Garcia ("Plaintiff") filed a Complaint in state court against Nissan North America, Inc. ("Defendant"). Plaintiff asserts three Violations of the Song-Beverly Act: Breaches of Express and Implied Warranties, and a Violation of § 1793.2. Plaintiff also asserts a claim of Fraud – Fraudulent Inducement – Concealment. Defendant filed an Answer on September 18, 2023.

On May 16, 2024, Defendant removed the action to federal court based on diversity jurisdiction.

Presently before the Court is the Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.     FACTUAL BACKGROUND

Plaintiff's complaint alleges the following facts:

On August 4, 2021, Plaintiff purchased a 2021 Nissan Sentra ("Vehicle"), a new vehicle warranted by Defendant. Specifically, Plaintiff received various warranties, including a "3-years/36,000 miles express bumper to bumper warranty and a 5-year/60,000 miles of limited powertrain warranty." The Vehicle was delivered to Plaintiff with "serious defects and nonconformities to warranty" and later developed other serious defects.

Plaintiff contends that after two unsuccessful repair attempts in 2022, she continued to experience symptoms of the various defects despite Defendant's representations that the Vehicle was repaired. The "most prevalent and concerning" defect relates to the Forward Emergency Braking ("FEB") system that utilizes Defendant's defective Continental ARS410 radar sensor. Plaintiff experienced symptoms related to the defective FEB that include the Vehicle stalling when stopped, the FEB system automatically braking or decelerating the Vehicle in the absence of any obstacle, the

JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04082-RGK-SK | Date | July 9, 2024 |
|---|---|---|---|
| Title | *GENOVEVA GARCIA v. NISSAN NORTH AMERICA, INC.* | | |

Vehicle's dashboard incorrectly indicating an obstacle, and the Vehicle shaking "vigorously" when approaching a stop.

Despite Defendant's inability to repair the Vehicle, Defendant failed to meet its obligations under the Song-Beverly Act of offering to repurchase the Vehicle.

Further, Defendant failed to disclose the defects at the time of purchase. Despite "voluminous" customer complaints and Defendant's alleged knowledge of the issue, Defendant fraudulently concealed or omitted information related to the defects in the FEB system in marketing and promotional materials, as well as in Technical Service Bulletins.

## III.   JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely, the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

## IV.   DISCUSSION

Plaintiff argues that the action should be remanded because Defendant removed the case after the thirty-day window triggered by an "other paper," the Case Management Conference Statement ("CMS"). For the following reasons, the Court agrees and finds that remand is appropriate.

28 U.S.C. § 1446(b) provides two thirty-day windows during which a case may be removed. The first is during the thirty days after the defendant receives the initial pleading upon which removability can be ascertained. If the initial pleading does not contain such information, a second thirty-day window opens when the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). In the first instance, "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. "[D]efendants need not make extrapolations or engage in guesswork; yet [§ 1446] 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability,'" such as "multiplying figures clearly stated in the complaint." *Kuxhausen*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04082-RGK-SK | Date | July 9, 2024 |
|---|---|---|---|
| Title | ***GENOVEVA GARCIA v. NISSAN NORTH AMERICA, INC.*** | | |

*v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001)). In the second instance, the "amended pleading, motion, order or other paper" must make removability of the case "unequivocally clear and certain" in order to trigger a thirty-day removal window. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Here, both parties agree that Plaintiff's Complaint did not state that the amount in controversy exceeded $75,000. Nor was the Retail Installment Sales Contract or any repair records attached to the Complaint. Therefore, Plaintiff's Complaint did not trigger the initial thirty-day removal window pursuant to § 1446(b).

However, Plaintiff argues that service of the CMS on August 30, 2023, triggered the second thirty-day removal window under § 1446(b), as an "other paper." Specifically, Plaintiff argues that Attachment 4b of Plaintiff's CMS explicitly states that Plaintiff seeks "recission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties, in the amount of two times Plaintiff's actual damages," and "restitution damages which are in excess of $50,000.00 and attorney's fees and costs which are currently in excess of $20,000.00." (Pl.'s Mot. to Remand at 7, ECF No. 12-1.) Plaintiff asserts that the language in the CMS made removability of the case unequivocally clear and certain and triggered a removal deadline of September 29, 2023.

In opposition, Defendant contends that the "other paper" was indeterminate with respect to removability because it contained only boilerplate language, with no regard to individual facts. (Def.'s Opp'n. at 8–9.) Further, the numbers in the "other paper" do not add up to over $75,000 unless civil penalties are included, but these penalties are not automatically available in every case. (*Id.* at 9.) Defendant contends that the removal deadline was triggered only after Defendant performed its own investigation on April 29, 2024, and determined the amount in controversy. Although Defendant's investigation occurred almost a year after the filing of Plaintiff's Complaint, Defendant relies on *Roth v. CHA Hollywood Med. Ctr., L.P.* to show that its "duty of inquiry" never arose because Plaintiff's Complaint and the CMS were "indeterminate" with respect to removability. 720 F.3d 1121, 1125 (9th Cir. 2013). Thus, Defendant contends that both its investigation and Notice of Removal were timely.

Without deciding whether the jurisdiction minimum is met, the Court finds Defendant's argument unconvincing for two reasons. First, to calculate the amount in controversy in its Notice of Removal, Defendant takes for granted that two times civil penalties are awarded by the Song-Beverly Act, the same civil penalties that Defendant, in its Opposition, contends are "not automatically available in every case." Had Defendant applied the same methodology used in its Notice of Removal to the numbers presented in the CMS, Defendant would have also concluded that the jurisdictional minimum was met. Thus, based on Defendant's own methodology for calculating the amount in controversy, service of the CMS should have been an "other paper" that triggered the thirty-day removal deadline.

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-04082-RGK-SK | Date | July 9, 2024 |
|---|---|---|---|
| Title | *GENOVEVA GARCIA v. NISSAN NORTH AMERICA, INC.* | | |

Second, Plaintiff presents evidence that Defendant has relied on "virtually the same CMS" in seven other cases as a basis for removal. (Pl.'s Reply at 2, ECF No. 17.) The CMS in those other cases included the same "boilerplate" language. Defendant, having raised the use of boilerplate language to explain why it is insufficient to form the basis for removability, neglects to explain why it is insufficient for this case, yet sufficient for other cases.

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

cc: LASC, 23NWCV01528

_____ : _____

Initials of Preparer                         JRE/vc